HOSPITAL SERVICES, INC.,
Plaintiff and Appellee,

v.

Gerald W. FARNSWORTH, Defendant
and Appellant.

Civ. No. 11241.

Supreme Court of North Dakota.

Sept. 16, 1986.

Ronald F. Fischer, Pearson & Christensen, Grand Forks, for plaintiff and appellee.

DeLayne G. Nassif, Fargo, for defendant and appellant.

ERICKSTAD, Chief Justice.

Gerald W. Farnsworth appeals from a judgment ordering him to pay an account for hospital supplies and services rendered by the North Dakota State Hospital, and assigned to Hospital Services, Inc. We affirm.

Between June 20, 1968, and July 21, 1982, the North Dakota State Hospital in Jamestown, North Dakota, provided medical services and supplies to its patient, Gerald.

On January 11, 1985, the unpaid account for Gerald's care and treatment was assigned to Hospital Services, Inc., for collection. After an unsuccessful demand for payment was made by Hospital Services, a summons and complaint were served upon Gerald on September 5, 1985. Gerald, through his attorney, served an answer to the complaint on September 19, 1985.

After discovery by both parties, Hospital Services moved for summary judgment on January 13, 1986.

On February 12, 1986, the district court issued its findings, conclusions of law, and order for judgment, as follows:

"FINDINGS

"I

"The Court finds that it has jurisdiction over the Defendant and the subject matter of this action.

"II

"The Court finds that there are no genuine issues of material fact.

"CONCLUSIONS OF LAW

"I

"That the Plaintiff is entitled to judgment against the Defendant, Gerald W. Farnsworth for the sum of $24,117.90, together with interest at the legal rate since the 31st day of July, 1982 and the sum of $44.50 as costs of this action."

On March 21, 1986, the district court ordered summary judgment in favor of Hospital Services.

Gerald argues on appeal that the district court erred in not applying the statute of

limitations to bar recovery of the State Hospital account that was assigned to Hospital Services for collection. He cites Section 28–01–16(1) as requiring that an action upon contract, obligation, or liability must be commenced within six years after the claim for relief has accrued. He also cites Section 28–01–23 that makes Chapter 28–01 applicable to actions brought in the name of the state, or for its benefit. Hospital Services responds in accordance with Chapter 50–06.3, N.D.C.C., that statutes of limitations do not bar the right of recovery for costs of care and treatment performed at the State Hospital.

The issue on appeal is whether 28–01–16(1) and 28–01–23, N.D.C.C., together, bar the North Dakota State Hospital, or its collection agency, from recovering judgment against Gerald, a former patient, for the cost of his care and treatment.

The State Hospital is authorized by two sections in Chapter 50–06.3 to recover expenses for care and treatment of its patients. Section 50–06.3–03 provides, in pertinent part:

"Fees and expenses chargeable against patients. Expenses for care and treatment of each patient at the state hospital must be in accordance with the cost of providing care and treatment for the different degrees or conditions of mental and physical health. The department shall recover monthly expenses for care and treatment.... "

Section 50–06.3–04 reads:

"Liability for payment. The recipient, patient, recipient's or patient's estate and spouse are liable for fees and expenses for services rendered by the department, through its regional human service centers, and for care and treatment at the state hospital. The parents of a recipient or patient are liable for fees and expenses incurred prior to the eighteenth birthday of the recipient or patient."

Section 50–06.3–11 and its predecessor Section 25–09–09 specifically exclude the operation of statutes of limitations to bar actions under Chapter 50–06.3.

"50–06.3–11. Statute of limitations not bar to recovery. *No statute of limitations or similar statute or the doctrine of laches shall bar the right of recovery for fees and expenses under this chapter,* but this section does not apply to claims that may be otherwise barred by law prior to July 1, 1961. It is not necessary to bill currently any person for those accounts determined to be inactive, or currently uncollectible, or for which it has been determined as provided by law that there is no present ability to pay. Current billings shall be made for amounts chargeable by law or for which it has been determined the patient or responsible relative presently has an ability to pay, but the manner of billing shall in no way affect the total amount due." [Emphasis added.]

Section 25–09–09, prior to its repeal by S.L. 1985, Chapter 527, Section 8, provided:

"Statute of limitations not bar to recovery.—*No statute of limitations or similar statute or the doctrine of laches shall bar the right of recovery for the expense incurred by the state for care and treatment at the state hospital* or state school from the patient or his estate, but this section shall not apply to claims that may be otherwise barred by law prior to July 1, 1961. It shall not be necessary to bill currently any person for those accounts determined to be inactive, or currently uncollectible, or for which it has been determined as provided by law that there is no present ability to pay. Current billings shall be made for amounts chargeable by law or for which it has been determined the patient or responsible relative presently has an ability to pay, but such manner of billing shall in no way affect the total amount due." [Emphasis added.]

It is clear from the plain language of the statutes, Sections 25–09–09 and 50–6.3–11, that the legislature specifically excluded statutes of limitations from barring claims brought by the State Hospital to recover for expenses incurred for care and treatment of its patients.

Section 50–06.3–10 and its predecessor Section 25–09–07 [1] specifically authorize the State Hospital "to contract with collection agencies for the collection of amounts due the state under this chapter." Therefore, the fact that the State Hospital has assigned Gerald's account to Hospital Services is irrelevant and does not operate to interfere with the legislative mandate contained in Section 50–06.3–11.

Not only does the rule of construction that specific statutory provisions prevail over general statutory provisions, when they are in irreconcilable conflict, support our affirmation of the trial court's judgment, [2] but so does the rule that, when statutes are in irreconcilable conflict, the statute which was enacted last in time prevails. [3] We conclude that neither the State Hospital, nor its collection agency, is barred from recovering the judgment in this case.

The judgment of the district court is affirmed with statutory costs on appeal to Hospital Services.

VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.

1. "25–09–07. State's attorneys or attorney general to bring action for expenses—Contract for collections.—1. Upon the request of the supervising department to the various state's attorneys or attorney general, in regard to expenses incurred by the state of North Dakota for the care and treatment of a patient at the state hospital or a patient over twenty-one years of age at the state school, the respective state's attorneys or attorney general shall bring an action against the patient or his estate in the case of a patient at the state school, and against the patient or his estate or his responsible relatives or their estates in the case of a patient at the state hospital, for the payment of the amount due the state.

"2. The state hospital and state school are permitted to contract with North Dakota non-profit hospital collection associations or collection agencies located in the state for the collection of amounts due the state for expenses incurred by the state of North Dakota for the care and treatment of patients at the state hospital or state school." § 25–09–07, N.D.C.C. Repealed by S.L. 1985, ch. 527, § 8.

2. "1–02–07. Particular controls general.— Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute, the two shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail." § 1–02–07, N.D.C.C.

3. "§ 23.16. Repeal of general statutes by special and local statutes.

"A general statute applies to all persons and localities within its jurisdictional scope. It prescribes the governing law upon the subject it encompasses, unless a special statute exists to treat a refinement of the subject with particularity.... The subsequent enactment of a statute which treats a phase of the same general subject matter in a more minute way consequently repeals pro tanto the provisions of the general statute with which it irreconcilably conflicts. ... Where the later special ... is not irreconcilable with the general statute to the degree that both statutes cannot have a coincident operation, the general statute will not be repealed, but the special ... will exist as an exception to its terms." (Footnotes omitted.) 1A Sutherland Stat. Const. § 23.16 (4th Ed.1985).